# EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Telephone: (720) 865-8301<br><br>——————————————————————— | DATE FILED: November 18, 2016 3:02 PM<br>FILING ID: 12BEE94059475<br>CASE NUMBER: 2016CV34284 |
| **Plaintiffs:** BRENDA MCCRACKEN AND CHRISTA HECHT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>**v.**<br><br>**Defendant:** PROGRESSIVE DIRECT INSURANCE COMPANY AND PROGRESSIVE PREFERRED INSURANCE COMPANY.<br>——————————————————————— | ▲ **COURT USE ONLY** ▲<br>———————————————<br><br>**Case Number:**<br><br>**Division:** |
| ***Attorneys for Plaintiffs:***<br>Franklin D. Azar, Reg. No. 13131<br>Tonya L. Melnichenko, Reg. No. 32152<br>Patricia Meester, Reg. No. 29523<br>Keith R. Scranton, Reg. No. 42484<br>**FRANKLIN D. AZAR & ASSOCIATES, P.C.**<br>14426 E. Evans Ave.<br>Aurora, CO 80014<br>Phone: (303) 757-3300<br>Fax: (303) 757-3206<br>azarf@fdazar.com<br>melnichenkot@fdazar.com<br>scrantonk@fdazar.com<br>meesterp@fdazar.com<br><br>Bradley A. Levin, Reg. No. 15093<br>Nelson A. Waneka, Reg No. 42913<br>Susan S. Minamizono, Reg. No. 48984<br>**LEVIN SITCOFF PC**<br>1512 Larimer Street, Suite 650<br>Denver, CO 80202<br>Phone: (303) 575-9390<br>Fax: (303) 575-9385<br>bal@levinsitcoff.com<br>naw@levinsitcoff.com<br>ssm@levinsitcoff.com | |
| **CLASS ACTION COMPLAINT AND JURY DEMAND** | |

Plaintiffs Brenda McCracken and Christa Hecht, on their own behalf and on behalf of all other similarly situated current and former insureds of Defendant Progressive Direct Insurance Company and Defendant Progressive Preferred Insurance Company (together, "the Progressive Class", "Class", or "Class Members"), by and through undersigned counsel, LEVIN SITCOFF PC and FRANKLIN D. AZAR & ASSOCIATES, P.C., brings the following Class Action Complaint against Defendant, and states and alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action against Progressive Direct Insurance Company and Progressive Preferred Insurance Company (collectively "Progressive" or "Defendants"), acting by and through their managers, other agents, and employees, for engaging in a systematic scheme wherein Progressive setoff benefits owed and paid to Plaintiffs and the Class pursuant to Uninsured and Underinsured Motorist ("UM/UIM") coverage by Plaintiffs' and the Class's separate Medical Payments ("MedPay") Coverage. As a result of Progressive's systematic scheme of reducing UM/UIM benefits for MedPay coverage, Defendants have violated Colorado law as described more particularly below.

2.      All conditions precedent to the filing of this action have been met.

## PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Brenda McCracken ("Plaintiff McCracken") is a resident of the State of Colorado, and during relevant times was insured under an automobile policy issued by Defendant Progressive Direct Insurance Company.

4.      Plaintiff Christa Hecht ("Plaintiff Hecht") is currently a resident of the State of New Jersey, and during relevant times was a resident of the State of Colorado and was insured under an automobile policy issued by Defendant Progressive Preferred Insurance Company.

5.      Upon information and belief, Defendant Progressive Direct Insurance Company ("Defendant Progressive Direct") is a corporation incorporated under the laws of the State of Ohio, with its principal place of business listed with the Colorado Secretary of State as 6300 Wilson Mills Road, Mayfield Village, OH 44143, and is licensed and authorized to do business and is doing business in the State of Colorado. Defendant Progressive Direct lists its registered agent for service with the Colorado Secretary of State as The Corporation Company, 7700 E. Arapahoe Rd., Ste. 220, Centennial, CO 80112-1268.

6.      Upon information and belief, Defendant Progressive Preferred Insurance Company ("Defendant Progressive Preferred") is a corporation incorporated under the laws of the State of Ohio, with its principal place of business listed with the Colorado Secretary of State as 6300 Wilson Mills Road, Mayfield Village, OH 44143, and is licensed and authorized to do business and is doing business in the State of Colorado. Defendant Progressive Direct lists its registered agent for service with the Colorado Secretary of State as Division of Insurance, 1560 Broadway, Denver, CO 80202.

7.     This Court has jurisdiction over the subject matter of this action and the parties hereto.

8.     Pursuant to C.R.C.P. 98(c), venue is proper in this county, which Plaintiffs designate as the place of trial of this action.

## GENERAL ALLEGATIONS

9.     All persons providing insurance services to the public in Colorado must "be at all times actuated by good faith in everything pertaining thereto." C.R.S. § 10-1-101.

10.     This duty of good faith, as enacted by the General Assembly of Colorado, is broad and wide-ranging, extending to "everything pertaining" to the provision of insurance services to the public in Colorado.

11.     Insurance carriers operating in Colorado fail to meet their duty of "good faith" if they engage in unreasonable conduct with knowledge that their conduct is unreasonable or with reckless disregard as to the unreasonableness of their conduct.

12.     Defendants have a thorough and sophisticated understanding of the insurance policies they offer to the public in Colorado and of Colorado insurance law.

13.     Defendants know how Colorado insurance law affects the policies and the resulting coverage to their insureds, as well as the interrelationships among different coverages.

14.     In 2007, C.R.S. § 10-4-609(1)(c) was amended, in pertinent part, as follows: "The amount of the [Uninsured Motorist/Underinsured Motorist] coverage available pursuant to this section shall not be reduced by a setoff from any other coverage, including, but not limited to, legal liability insurance, medical payments coverage, health insurance, or other uninsured or underinsured motor vehicle insurance."

15.     This revised statute applies to policies issued or renewed on or after January 1, 2008.  Colo. 66th Gen. Assembly, Ch. 413 (S.B. 07-256), 1st Reg. Sess. (Jun. 1, 2007).

16.     Despite the clear statutory language in C.R.S. § 10-4-609(1)(c), Defendants uniformly reduced amounts paid to their insureds under their Uninsured Motorist/Underinsured Motorist ("UM/UIM") coverages by setoffs from their medical payments ("MedPay") coverages under their respective automobile policies.

17.     On November 7, 2016, the Colorado Supreme Court held that the statute's use of the phrase "[t]he amount of UM/UIM coverage available" refers to the amount of coverage available on each particular claim, rather than the policy amount available "in the abstract" under the UM/UIM coverage, and confirmed that C.R.S. § 10-4-609(1)(c) bars the setoff of MedPay payments from the insured's UM/UIM claim. *Calderon v. Am. Fam. Mut. Ins. Co.,* No. 14SC494, __P.3d___, 2016 WL6585158 (Colo. Nov. 7, 2016).

3

18.     The Colorado Supreme Court's opinion applied to C.R.S. § 10-4-609(1)(c) as it has existed since taking effect on January 1, 2008.

19.     Defendants have been in violation of the statute since its enactment.

*Plaintiff McCracken's Claim*

20.     At all relevant times, Plaintiff McCracken was insured by Defendant Progressive Direct with a policy of insurance that included $10,000.00 of MedPay coverage and $50,000/$100,000 of UM/UIM coverage.

21.     This policy constitutes a contract.

22.     Plaintiff McCracken was injured by an uninsured motorist on August 16, 2015.

23.     As a result of her injuries, Plaintiff McCracken submitted claims under her MedPay and UM/UIM coverages.

24.     Defendant Progressive Direct paid MedPay benefits on Plaintiff McCracken's behalf.

25.     Defendant Progressive Direct paid Plaintiff McCracken UM/UIM benefits of $10,041.00.

26.     In reaching the $10,041.00 UM/UIM benefit number, Defendant Progressive Direct subtracted amounts for MedPay coverage from its evaluation.

*Plaintiff Hecht's Claim*

27.     At all relevant times, Plaintiff Hecht was insured by Defendant Progressive Preferred with a policy of insurance that included $5,000.00 of MedPay coverage and $25,000/$50,000 of UM/UIM coverage.

28.     This policy constitutes a contract.

29.     Plaintiff Hecht was injured by an uninsured motorist on August 16, 2013.

30.     As a result of her injuries, Plaintiff Hecht submitted claims under her MedPay and UM/UIM coverages.

31.     Defendant Progressive Preferred paid MedPay benefits on Plaintiff Hecht's behalf.

32.     Defendant Progressive Preferred paid Plaintiff Hecht UM/UIM benefits of $21,678.00.

33.    In reaching the $21,678.00 UM/UIM benefit number, Defendant Progressive Preferred subtracted amounts for MedPay coverage from its evaluation.

## CLASS ALLEGATIONS

34.    Plaintiffs bring this action on behalf of themselves and a class of similarly situated persons pursuant to C.R.C.P. 23(a) and (b). The Class consists of:

> All persons who, on or after January 1, 2008, (a) resided in the State of Colorado; (b) were or are insured under automobile policies issued by Progressive Direct Insurance Company or Progressive Preferred Insurance Company; (c) made claims to Progressive Direct or Progressive Preferred for benefits under their UM/UIM coverage for personal injuries; and (d) were awarded and/or paid amounts under UM/UIM coverage that were reduced by a setoff for medical payments or "MedPay" coverage under the automobile policies.

> Excluded from the Class are Defendants and their officers, directors, and affiliates; members of the judiciary and their staff to whom this action is assigned; and Plaintiffs' counsel and staff.

35.    The members of the Class are so numerous and geographically dispersed throughout Colorado and the United States that joinder of all members is impracticable.

36.    Upon information and belief, Defendants sold thousands of automobile policies in the State of Colorado between January 1, 2008 and the present.

37.    Upon information and belief, Defendants reduced payments under UM/UIM coverage to the class members by setoffs from their respective MedPay coverages, ranging from $5,000 to more than $25,000 per claim, as they did with Plaintiffs.

38.    The precise number of Class Members may be determined with specificity from records maintained by Defendants.

39.    Common questions of law and fact exist as to all members of the Class and predominate over any question solely affecting individual members of the Class. The questions of law and fact common to the Class include the following:

a.    Whether Defendants reduced UM/UIM benefits to their insureds by payments made under MedPay coverage.

b.    Whether Defendants breached their contractual obligations with Plaintiffs and the Class Members by reducing payments under UM/UIM coverages by setoffs from MedPay coverages;

40.    Plaintiffs' claims are typical of the claims of the members of the Class because

Plaintiffs were insured under automobile policies with both UM/UIM coverage and MedPay coverage that were issued by Defendants after January 1, 2008, and made claims for their personal injuries under the UM/UIM coverage of said policies.  Further, like other Class Members, Defendants reduced their payments to Plaintiffs under their UM/UIM coverage for the available MedPay coverage.

41.    Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs' interests do not conflict with the interests of the Class.  Plaintiffs are represented by counsel who are competent and experienced in insurance litigation and complex civil litigation matters, including class actions.  Plaintiffs and their counsel will prosecute this action vigorously.

42.    Class certification is warranted pursuant to C.R.C.P. 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

43.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since, among other things, joinder of all members of the class is impracticable.  Furthermore, the amounts at stake for many Class Members, while substantial, are not great enough to enable them to maintain separate suits against Defendants. The expense and burden of individual litigation makes it impractical for all members of the class to individually seek to redress the wrongs done to them.  Indeed, since the common harm involves technical issues of automobile insurance law and declaratory relief involving insurance contracts, many individual members of the class may be unaware of their rights and unable to protect themselves.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The class is readily definable from Defendants' records and will eliminate the possibility of repetitious litigation.

44.    Prosecution of separate actions by Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

45.    Class certification is further warranted because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the Class as a whole. Moreover, without a class action, Defendants will likely retain the benefits of their wrong doing and will continue a course of action that denied the named Plaintiffs and the Class UM/UIM benefits they are owed pursuant to Colorado law.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

46.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

47.     The subject automobile policies issued by Defendants constitute contracts of insurance.

48.     Plaintiffs and the Class Members have complied with all terms and conditions precedent under their automobile policies, and otherwise fully cooperated with Defendants, including but not limited to by paying their premiums.

49.     Defendants breached the automobile policies by failing to pay Plaintiffs and the Class Members UM/UIM benefits they are or were legally entitled to receive under the policies by taking a setoff for separate MedPay coverage.

50.     As a direct and proximate result of Defendants' breach of contract, Plaintiffs and the Class Members have suffered damages in amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

51.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein.

52.     This is a claim for declaratory relief pursuant to C.R.C.P. 57 and C.R.S. §§ 13-51-101, *et seq.*, the Uniform Declaratory Judgments Act.

53.     Plaintiffs, individually and as representative of a class, seeks a declaration of the rights and obligations of the parties to this action.

54.     Entry of a judgment by the Court declaring the rights and obligations of the parties would end the uncertainty, insecurity, and controversy with respect to the rights, status, or other legal relations between and among all of the interested parties and promote the timely resolution of the remaining claims and the interests of justice.

55.     For these and other reasons, Plaintiffs ask the court to declare that Defendants wrongfully denied payments under UM/UIM coverage to Plaintiffs and the Class Members, and that Plaintiffs and the Class Members are entitled to further relief as may be appropriate under the law, including money damages.

**WHEREFORE,** Brenda McCracken and Christa Hecht, on their own behalf and on behalf of all other similarly situated current and former insureds of Defendant Progressive Direct Insurance Company and Defendant Progressive Preferred Insurance Company, pray for judgment in their favor and against Defendants Progressive Direct and Progressive Preferred as follows:

(a)     Certification as a Class Action pursuant to Rule 23 of the Colorado Rules of Civil Procedure;

(b)     A finding that the named Plaintiffs are proper class representatives of the Class;

(c)     An award of compensatory damages to Plaintiffs and the Class as a result of the wrongs alleged herein;

(d)     An award of all interest, statutory or moratory, allowed by law;

(e)     An award of reasonable attorney's fees and costs of suit herein;

(f)     A declaratory judgment as set forth above; and

(g)     For such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE**

Dated this 18th day of November 2016.

Respectfully submitted,


**FRANKLIN D. AZAR & ASSOCIATES, P.C.**

*s/ Keith R. Scranton*
Franklin D. Azar
Tonya L. Melnichenko
Patricia Meester
Keith R. Scranton

**LEVIN SITCOFF PC**
Bradley A. Levin
Nelson A. Waneka
Susan S. Minamizono

*Attorneys for Plaintiffs*

Plaintiffs' Addresses:
Brenda McCracken
45509 County Rd. G
Center, CO 81125

Christa Hecht
645 5th Ave.
Lindenwold, NJ 08021

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Telephone: (720) 865-8301<br><br>_____<br><br>**Plaintiffs:** **BRENDA MCCRACKEN AND CHRISTA HECHT,** INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>**v.**<br><br>**Defendant:** **PROGRESSIVE DIRECT INSURANCE COMPANY AND PROGRESSIVE PREFERRED INSURANCE COMPANY.**<br><br>_____ | DATE FILED: November 18, 2016 3:02 PM<br>FILING ID: 12BEE94059475<br>CASE NUMBER: 2016CV34284<br><br><br>▲ **COURT USE ONLY** ▲<br>_____<br><br>**Case Number:**<br><br>**Division:** |
| *Attorneys for Plaintiffs:*<br>Franklin D. Azar, Reg. No. 13131<br>Tonya L. Melnichenko, Reg. No. 32152<br>Patricia Meester, Reg. No. 29523<br>Keith R. Scranton, Reg. No. 42484<br>**FRANKLIN D. AZAR & ASSOCIATES, P.C.**<br>14426 E. Evans Ave.<br>Aurora, CO 80014<br>Phone: (303) 757-3300<br>Fax: (303) 757-3206<br>azarf@fdazar.com<br>melnichenkot@fdazar.com<br>scrantonk@fdazar.com<br>meesterp@fdazar.com<br><br>Bradley A. Levin, Reg. No. 15093<br>Nelson A. Waneka, Reg No. 42913<br>Susan S. Minamizono, Reg. No. 48984<br>**LEVIN SITCOFF PC**<br>1512 Larimer Street, Suite 650<br>Denver, CO 80202<br>Phone: (303) 575-9390<br>Fax: (303) 575-9385<br>bal@levinsitcoff.com<br>naw@levinsitcoff.com<br>ssm@levinsitcoff.com | |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

   - A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☑ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☑ The case is a class action, domestic relations case, juvenile case, mental health case, probate case, water law case, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☑ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

   ☐ Another party has previously indicated in a Case Cover Sheet that the simplified procedure under C.R.C.P. 16.1 does not apply to the case.

   ☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

      ☐ C.R.C.P. 16.1 applies to this case.

      ☐ C.R.C.P. 16.1 does not apply to this case.

3. ☑ This party makes a **Jury Demand** at this time and pays the requisite fee. *See* C.R.C.P. 38. (Checking this box is optional.)

Date: November 18, 2016

FRANKLIN D. AZAR & ASSOCIATES, P.C.

*s/ Keith R. Scranton*
_____
Keith R. Scranton

*Attorneys for Plaintiffs*

2

<table>
<tr><td>
DISTRICT COURT, COUNTY OF DENVER<br>
STATE OF COLORADO<br>
1437 Bannock Street, Room 256<br>
Denver, CO 80202<br><br>
<hr>
<br>
<b>Plaintiffs</b>:<br><br>
BRENDA McCRACKEN and CHRISTA HECHT,<br>
individually and on behalf of all others<br>
situated,<br><br><br>
v.<br><br>
<b>Defendants</b>:<br><br>
PROGRESSIVE DIRECT INSURANCE<br>
COMPANY and PROGRESSIVE PREFERRED<br>
ISURANCE COMPANY.
</td>
<td>
DATE FILED: November 21, 2016<br>
CASE NUMBER: 2016CV34284<br><br>
<hr>
<br><br>
Case Number:  16CV34284<br>
Courtroom 376
</td></tr>
</table>

## PRE-TRIAL ORDER

*Questions regarding this Order should be raised **before** trial.  Plaintiff shall serve copies of this Order on all parties, including Pro Se Parties, pursuant to CRCP 5, and file a Certificate of Service with the Court within 10 days of the date of this Order.  The Colorado Rules of Civil Procedure (CRCP) shall apply to this case. However, in the event of a conflict between this Order and any CRCP rule, this Order shall take precedence. **Counsel and Pro Se parties are expected to familiarize themselves with the contents of this Order and all its requirements.**  Procrastination or general lack of diligence in the preparation of your case will not constitute good cause for non-compliance with this Order. Failure to comply with this Order or the CRCP will be a basis for the Court's entering of sanctions against the party who does not comply. These sanctions may include, but are not limited to, witness preclusion, exhibit preclusion, or waiver of any objection.*

1.     **CASE MANAGEMENT ORDER**

The provisions of CRCP 16 concerning the Case Management Order will apply. If all parties have not participated in the preparation of a Proposed Case Management Order, this shall be noted in the **title** of the Proposed Case Management Order. The

lack of participation by one or more parties shall not provide grounds for not complying.

2.      **TRIAL SETTINGS**

   a. A specific setting date or trial date must be designated in the CMO, as set forth in CRCP 16.

   b. Cases must be set for trial no later than 28 days after they are at issue.

   c. **No case** will be set beyond 350 days after the case is filed without the Court's permission. Pursuant to Chief Justice Directive 08-05, p. 6. *90% of all cases shall be concluded within 1 year of filing.*

   d. **No case** will be set for more than 5 days without the Court's permission.

   e. Trial settings take place on Tuesdays, Wednesdays and Thursdays between 10:00 a.m. and noon **only**.

   f. If the parties do not accept one of the trial dates given to them during the setting process, within ten (10) days, the Court will unilaterally set a trial date.

3.      **DISCOVERY**

   a. Treating expert's opinions that go beyond the four corners of his/her records or reasonable inferences therefrom **must be fully and fairly disclosed**.

   b. If a party responds to a discovery request by indicating that it will provide documents or information subject to an objection, that party must describe with reasonable specificity the documents or information being withheld as a result of the objection. Failure to comply with this requirement may constitute a waiver of the objection.

   c. **No Written Discovery Motions.** No written discovery motions will be accepted. The Court will address *all* discovery disputes with an *in-person* discovery hearing instead of by written motions. The purpose of this procedure is to ensure expedited

2

and inexpensive resolution of discovery disputes. The following procedures will be in effect in this case:

    i.  If there is a discovery dispute, counsel are expected to confer in a meaningful way to try to resolve it. An email sent the night before doesn't qualify.

   ii.  If counsel cannot resolve the dispute, please call the courtroom clerk at 720-865-8611 and set it for an <u>in person</u> hearing. No written notice to the Court is necessary. If counsel cannot agree on a date, please let the clerk know and the Court will set the hearing date.

  iii.  File a brief description of the discovery dispute, your position, and a citation of legal authority that supports your position. This shall be filed no later than 48 hours before the scheduled hearing and shall not exceed three pages, double spaced. <u>DO NOT attach any exhibits to this filing</u>

  iv.  The dispute will be argued and resolved at the hearing, or taken under advisement with a prompt ruling by the Court.

   v.  If a dispute occurs during a deposition, please call the Court's clerk at the above number and advise him/her about the nature of the dispute. The Court will address the dispute as quickly as possible.

4.     **MOTIONS**

   a.  **DO NOT, UNDER ANY CIRCUMSTANCES, COMBINE PLEADINGS, MOTIONS OR OTHER PAPERS (see CRCP 7). IF YOU DO, THESE WRITTEN FILINGS WILL BE STRICKEN *SUA SPONTE.*** For example, if a party wants to file two motions, make them separate filings, even if the arguments are identical or similar. Another example: no consolidated responses.

   b.  Motions for Summary Judgment and Cross Motions must be filed at least 91 days before trial. There shall be no separate deadline for the filing of Cross Motions as provided in CRCP 56. Responses must be filed 21 days after the Motion is filed unless an extension is granted. Extensions that go to the eve of trial will not be allowed.

3

c.  Unless otherwise provided in the CMO, all pretrial Motions, including Motions *in limine*, must be filed at least 28 days before trial. A Response shall be filed no later than 21 days after the Motion is filed. Replies are not permitted for any motion filed within 60 days of trial.  Generally, the court will not grant any extensions.

d.  Authorization must be obtained from the Court <u>prior</u> to filing anything in excess of 10 pages, regardless of whether the motion is made pursuant to CRCP 12 or 56.  This directive includes motions, responses, and replies. <u>All motions (responses and replies) which are not accompanied by a brief or legal memorandum must be double spaced</u>. Motions, responses or replies, or briefs filed in support thereof, in excess of 10 pages or with less than double spacing are subject to being stricken *sua sponte* on that basis alone.

5.    **TRIAL MANAGEMENT ORDER**

Plaintiff's counsel shall prepare and submit a signed Joint Trial Management Order (TMO) 28 days before trial. The TMO shall comport with the provisions set forth in CRCP 16(f). The Court requires a TMO for ALL cases. A Pre-Trial Conference may be scheduled as necessary, either by the Court or by counsel.

6.    **JURY INSTRUCTIONS**

File an agreed upon 2:1 instruction no later than **seven days before trial**. **See CRCP 16(g)**.  The first party represented by counsel to demand a jury trial and who has not withdrawn that demand shall be responsible for ensuring compliance with CRCP 16 and shall meet and confer with the opposition regarding jury instructions. If applicable, combine the following instructions into one instruction: 3:7 and 3:8; 3:9 and 3:10; 3:4, 3:11, and 3:14; 3:15 and 3:16; 5:1 and 5:5. **The Parties are encouraged to combine other instructions as well.** The Parties shall file **one** set of **stipulated** instructions.

**Disputed instructions** shall be compiled as follows:  Plaintiff's disputed instruction #1 and, as applicable, Defendant's version of the disputed instruction #1 directly behind it (each labeled accordingly). Plaintiff's #2 then, if applicable, Defendant's version of #2, etc. If the other party does not offer a version of a disputed

4

instruction, explain the objection and continue to follow this format.

All instructions **must** be provided to the Court on a either a flash drive or a CD in editable format (*i.e.,* Mircosoft Word). The flash drive or CD shall have the instructions as directed above.

In addition, no later than **five** days prior to trial, Plaintiff shall deliver directly **to the Courtroom,** a hard copy of the **stipulated** set of instructions (without annotations) and one set of the **disputed** instructions with annotations. The instructions shall be placed in the order the parties want the Court to give them.

7.    **JUROR NOTEBOOKS**

The Court provides a 2", 3-ring binder for the jurors' use. These contain introductory information.  Counsel shall provide the following case-specific information for the notebooks: 1) per C.J.I. 2:1, a succinct statement of the case; 2) an Order of Proof; 3) the names of all attorneys who appear; 4) any stipulations; and, 5) a glossary of technical or unusual terms. Counsel shall provide copies of the above items for each juror.

Overstuffed and cumbersome exhibit notebooks are not helpful to the jury. If Counsel provides exhibit notebooks, they must be easily managed. **Original** exhibits are available to the jury. Any admitted exhibit may, in the Court's discretion, be added to an exhibit notebook.

Counsel shall include **all** parties' stipulated exhibits in **one** notebook. Exhibits are due **five (5) days before trial.**

8.    **EXHIBITS**

Prepare an **Index of Exhibits** noting those exhibits which are stipulated. Counsel shall stipulate to exhibits where appropriate. No one appreciates delays while an obviously authentic exhibit is authenticated.

All Exhibits shall be marked numerically. **Do not, under any circumstances, duplicate any exhibits among the parties.**

**All multi-page exhibits shall be paginated.**

A working copy of exhibits shall be provided to the Court.

The Court no longer maintains exhibits. At the conclusion of any proceeding, counsel shall retain custody of his or her respective exhibits and depositions, whether or not received into evidence, until such time as all need, appellate or otherwise, for them has terminated.

Within ten (10) days of the conclusion of trial, parties are to electronically file any exhibits admitted into evidence by the Court.

If exhibits are not retrieved within 21 days of the hearing or trial, the exhibits will be destroyed.

9.      **SCHEDULING/WITNESSES/EXAMINATION**

Generally, trial days start at 9:00 a.m. and end at 5:00 p.m.  The Court takes one break in the morning and afternoon. Lunch is from noon until 1:30 p.m.

*Re-cross examination is disallowed in most circumstances, limited in others.*

10.     **VOIR DIRE**

The Court asks background and sensitive case related questions. Counsel is limited to 30 minutes. The Court will outline its procedures for cause and peremptory challenges at trial.

11.     **DEPOSITIONS**

Provide designations of deposition testimony to opposing counsel no later than 28 days before trial. Objections to any deposition testimony must be made no later than 14 days before trial and must cite page, line and the specific evidentiary grounds therefor. Provide the Court with a transcript highlighting the disputed testimony.

12.     **AUDIO-VISUAL TECHNOLOGY**

The Court **does not** provide audio-visual equipment. Contact the Division Clerk **five (5) days prior** to trial regarding the use of such equipment.

6

13.    **COURT REPORTERS**

The Court utilizes a digital recording system. The Court strongly
encourages the Parties to hire a private court reporter. Though
infrequent, there have been problems with the digital system.

14.    **TRIAL BRIEFS**

Trial Briefs, if any, shall be filed five (5) days before trial and *shall
not exceed* five (5) pages in length, double spaced.

15.    **TRIALS TO THE COURT**

Counsel shall be prepared to submit Proposed Findings of Fact and
Conclusions of Law within one (1) week following the conclusion of
the trial.

16.    **MISCELLANEOUS**

a. Briefs, motions and filings of any type (except "pleadings," as
   defined in CRCP 7) shall be no more than ten (10) pages long.

b. The parties must follow CRCP 10. If a pleading, motion, e-filed
   document under CRCP 121 § 1-26, or any filing does not comply
   with CRCP 10, it shall be stricken. A filing captioned "Motion",
   "Response" or "Reply" but which incorporates legal authority, or
   does not have an accompanying brief or legal memorandum in
   support thereof, shall be double spaced per CRCP 10(d)(3)(II).

c. This Court does not permit the lawyers to call anyone by his or her
   first name. Surnames must be used. *Lane v. Wallace*, 579 F. 2d
   1200 (10th Cir. 1978) (Colo.).

This 21st day of November 2016.

**SO ORDERED.**

_____
Elizabeth A. Starrs
Denver District Court Judge

7

<table>
<tr><td>

DISTRICT COURT
CITY & COUNTY OF DENVER, COLORADO
1437 Bannock Street
Denver, Colorado 80202

</td><td>

DATE FILED: November 21, 2016
CASE NUMBER: 2016CV34284

</td></tr>
</table>

| | |
|---|---|
| **Plaintiff: BRENDA McCRACKEN, et al.**<br><br>**v.**<br><br>**Defendant:  PROGRESSIVE DIRECT INS., et al.** | ▲   **COURT USE ONLY**   ▲ <br><br>**Case Number: 16CV34284**<br><br>**Courtroom:  376** |
| <center>**DELAY REDUCTION ORDER**</center> | |

All civil courtrooms are on a delay reduction docket.

A.      In all civil actions, the following deadlines must be met:

      1.      <u>Trial and Case Management Conference Settings</u>:

            a.      The Responsible Attorney as defined in C.R.C.P. 16(b)(2) shall file and serve a Notice to Set the case for trial and shall complete the setting of the trial within 28 days from the date the case becomes at issue.  A case shall be deemed "at issue" when all parties have been served and have filed all pleadings permitted by C.R.C.P. 7, or defaults or dismissal have been entered against all non-appearing parties, or at such other time as the Court shall direct.

            b.      If the parties do not request to dispense with a case management conference (see ¶ 1(d) below), the notice to set trial shall also include a notice to set a Case Management Conference as required in C.R.C.P. 16(d)(1), to be held no later than 49 days after the case is at issue.

            c.      At least 7 days before the Case Management Conference, the parties shall file, in editable format, a proposed Case Management Order consisting of the matters set forth in C.R.C.P. 16(b)(1)-(17) and take all necessary actions to comply with those subsections.

            d.      All parties represented by counsel may, not later than 28 days after the case is at issue, file a proposed Case Management Order in compliance with C.R.C.P. 16(b) and may jointly request the Court to dispense with a Case Management Conference.

<center>1</center>

2.   <u>Service of Process</u>:  Returns of Service on all defendants shall be filed within 63 days after the date of the filing of the complaint.

3.   <u>Default Judgment</u>:  Application for default judgment shall be filed within 28 days after default has occurred.

4.   <u>Cases Filed Under C.R.C.P. 16.1</u>:

    a.   Not later than 49 days after the case is at issue, the Plaintiff (or the Responsible Attorney) shall file a Certificate of Compliance as required under C.R.C.P. 16.1(h).  No Case Management Order or Case Management Conference is required.

B.   Additionally, in all civil actions, the following provisions apply:

1.   IF AN ATTORNEY OR *PRO SE* PARTY FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THE CASE WITHOUT PREJUDICE. THIS ORDER SHALL BE THE INITIAL NOTICE REQUIRED BY C.R.C.P 121 § 1-10, AND C.R.C.P. 41(B)(2).

2.   Plaintiff shall send a copy of this order to all other parties who enter an appearance.

3.   An attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case an Information Regarding Related Case(s) form available at:

4.   https://www.courts.state.co.us/userfiles/file/Information_Regarding_Related_Cases_Form(1).doc **or** in Room 256 of the City and County Building.


cc:   Plaintiff(s) or Plaintiff(s) Counsel

Date:   November 21, 2016

BY THE COURT:


/s/Elizabeth A. Starrs
District Court Judge
Denver District Court

2

| ☐ County Court ☒ District Court | |
|---|---|
| Denver County, Colorado | |
| District Court<br>1437 Bannock St., RM 256<br>Denver, Colorado 80202 | DATE FILED: December 26, 2016 11:55 AM<br>FILING ID: 499B833C81546<br>CASE NUMBER: 2016CV34284 |
| Plaintiff: BRENDA MCCRACKEN; CHRISTA HECHT<br>v.<br>Defendant: PROGRESSIVE DIRECT INSURANCE COMPANY;<br>PROGRESSIVE PREFERRED INSURANCE COMPANY | ▲  COURT USE ONLY  ▲ |
| Attorney or Party Without Attorney:<br><br>Franklin D. Azar & Associates P.C.<br>14426 E. Evans Ave.<br>Aurora, CO 80014<br><br>Phone Number:        E-mail:<br>FAX Number:         Atty. Reg. #: | Case Number: 2016CV34284<br><br>Division_____ Courtroom_____ |

## AFFIDAVIT OF SERVICE

Received by Hibernia, Inc. to be served on **PROGRESSIVE DIRECT INSURANCE C/O REGISTERED AGENT THE CORPORATION COMPANY, 7700 E. ARAPAHOE RD., STE 220, CENTENNIAL, Arapahoe County, CO 80112.**

I, Clive Mulvihill, being duly sworn, depose and say that on the **22nd day of December, 2016 at 11:57 am, I:**

**Served PROGRESSIVE DIRECT INSURANCE C/O REGISTERED AGENT THE CORPORATION COMPANY at the following location: 7700 E. ARAPAHOE RD., STE 220, CENTENNIAL, Arapahoe County, CO 80112 by leaving the SUMMONS; CLASS ACTION COMPLAINT AND JURY DEMAND; CIVIL CASE COVER SHEET with EMILY RAUSCH who as ADMINISTRATIVE ASSISTANT TO THE REGISTERED AGENT is authorized by appointment or by law to receive service of process for the Defendant/Respondent.**

I swear/affirm under oath, and under penalty of perjury, that I have read the foregoing AFFIDAVIT OF SERVICE and that the statements set forth therein are true and correct to the best of my knowledge.

_____
Signature of Process Server

Subscribed and sworn to before me in the county of Jefferson, State of Colorado on the 23rd day of December, 2016.

_____
NOTARY PUBLIC

**Clive Mulvihill**
Name

Hibernia, Inc.
1746 Cole Blvd., Ste 225
Golden, CO 80401
(303) 996-0641

RACHEL MULVIHILL
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20004020037
MY COMMISSION EXPIRES OCTOBER 21, 2018

Reference: 310594            AFFIDAVIT OF SERVICE            Page 1 of 1
Job Number: HBI-2016002956



| [ ] County Court  [X] District Court | |
|---|---|
| Denver County, Colorado | |
| District Court<br>1437 Bannock St., RM 256<br>Denver, Colorado 80202 | DATE FILED: December 26, 2016 11:55 AM<br>FILING ID: 499B833C81546<br>CASE NUMBER: 2016CV34284 |
| Plaintiff: BRENDA MCCRACKEN; CHRISTA HECHT<br>v.<br>Defendant: PROGRESSIVE DIRECT INSURANCE COMPANY;<br>PROGRESSIVE PREFERRED INSURANCE COMPANY | ▲   COURT USE ONLY   ▲ |
| Attorney or Party Without Attorney:<br><br>Franklin D. Azar & Associates P.C.<br>14426 E. Evans Ave.<br>Aurora, CO 80014 | Case Number: 2016CV34284<br><br>Division_____ Courtroom_____ |
| Phone Number:                 E-mail:<br>FAX Number:                    Atty. Reg. #: | |

## AFFIDAVIT OF SERVICE

Received by Hibernia, Inc. to be served on **PROGRESSIVE PREFERRED INSURANCE COMPANY C/O REGISTERED AGENT DIVISION OF INSURANCE, 1560 BROADWAY, STE 110, DENVER, Denver County, CO 80202.**

I, Clive Mulvihill, being duly sworn, depose and say that on the **21st day of December, 2016** at **12:31 pm, I:**

**Served PROGRESSIVE PREFERRED INSURANCE COMPANY C/O REGISTERED AGENT DIVISION OF INSURANCE at the following location: 1560 BROADWAY, STE 110, DENVER, Denver County, CO 80202 by leaving the SUMMONS; CLASS ACTION COMPLAINT AND JURY DEMAND; CIVIL CASE COVER SHEET with MICHELLE COOK who as ADMINISTRATIVE ASSISTANT TO THE REGISTERED AGENT is authorized by appointment or by law to receive service of process for the Defendant/Respondent.**

I swear/affirm under oath, and under penalty of perjury, that I have read the foregoing AFFIDAVIT OF SERVICE and that the statements set forth therein are true and correct to the best of my knowledge.

Subscribed and sworn to before me in the county of Jefferson, State of Colorado on the 22nd day of December, 2016.

_____
NOTARY PUBLIC

**RACHEL MULVIHILL**
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20004020037
MY COMMISSION EXPIRES OCTOBER 21, 2018

_____
Signature of Process Server

**Clive Mulvihill**
Name

Hibernia, Inc.
1746 Cole Blvd., Ste 225
Golden, CO 80401
(303) 996-0641